# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARYS HOLDING COMPANY, INC., and | ) | Case No. 08-10289 (BLS) |
| CROCHET & BOREL SERVICES, INC., | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| | ) | |
| | ) | |
| CHARYS LIQUIDATING TRUST and | ) | Adv. No. 10-50211 |
| C&B LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | Related to Adv. Docket Nos. 43, 44, |
| | ) | and 45 |
| v. | ) | |
| | ) | |
| HADES ADVISORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Thomas M. Horan
Michael G. Busenkell
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

*Counsel for Plaintiffs Charys Liquidating Trust and C&B Liquidating Trust*

Scott J. Leonhardt
Frederick B. Rosner
The Rosner Law Group LLC
824 Market Street, Suite 810
Wilmington, DE 19801

*Counsel for Defendant Hades Advisors, LLC*

## **OPINION**[1]

Before the Court is a motion (the "Motion") [Adv. Docket No. 43] for leave to file a second amended complaint (the "Amended Complaint") filed by Charys Liquidating Trust and C&B Liquidating Trust (collectively, the "Trusts" or the "Plaintiffs"). The Plaintiffs' First

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 7052, this Opinion constitutes findings of fact and conclusions of law.

Amended Complaint (the "Complaint") [Adv. Docket No. 9] asserted four counts.  Count I seeks the avoidance and recovery of the funds (the "Transfer") that Charys Holding Company, Inc. ("Charys") had wired to Hades Advisors, LLC ("Hades" or the "Defendant") before Charys filed for bankruptcy on the ground that the Transfer was a preferential payment subject to avoidance under 11 U.S.C. §§ 547 and 550.  Pursuant to a motion to dismiss filed by the Defendant (the "Motion to Dismiss") [Adv. Docket No. 6], the Court dismissed without prejudice to the Plaintiffs Count I of the Complaint because the Complaint lacked facts from which the Court could have inferred that the Transfer had been made on account of an antecedent debt.  <u>Charys Liquidating Trust v. Hades Advisors, LLC (In re Charys Holding Co., Inc.)</u>, No. 08-10289, Adv. No. 10-50211, 2010 WL 2788152, at *5 (Bankr. D. Del. July 14, 2010).  Thereafter, the parties commenced written discovery on the remaining counts articulated in the Complaint, in the course of which the Plaintiffs obtained new information in support of Count I.  The Plaintiffs have amended the Complaint to plead these additional facts, and by the Motion, they seek leave to file the Amended Complaint incorporating such facts.  For the following reasons, the Court will grant the Motion.

## I. **BACKGROUND**

Several months prior to its chapter 11 filing, Charys's board of directors began negotiations with certain of its noteholders to restructure its debt.  These discussions were part of Charys's general effort to improve its profitability and sustainability.  Billy V. Ray, the Chief Executive Officer of Charys, whose replacement was contemplated as part of the restructuring effort, sought alternatives that would not include his termination.  The Plaintiffs allege that Mr. Ray engaged Hades, without the authority or knowledge of Charys's board of directors, for this express purpose, despite the fact that Charys had already engaged AlixPartners, LLP as

management advisors. On or about January 28, 2008, Charys made the Transfer by wiring to Hades $100,000 in connection with Hades's restructuring services. At the time of the Transfer, Charys is alleged to have been insolvent because its total liabilities exceeded its total assets by at least $10 million.

On February 14, 2008 (the "Petition Date"), after the Transfer had been made, Charys and its affiliate Crochet & Borel Services, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code").[2] Approximately a year later, on February 26, 2009, the Court entered an order (the "Confirmation Order") [Docket No. 669] confirming the First Amended Joint Plan of Reorganization of Debtors and Certain Nondebtor Affiliates Under Chapter 11 of the Bankruptcy Code (the "Plan"). The Trusts were created pursuant to the Plan and the Confirmation Order, and certain of the Debtors' assets, including avoidance causes of action, were transferred to the Trusts.

On February 12, 2010, the Trusts initiated the adversary proceeding at bar, and thereafter filed the Complaint, seeking recovery of the Transfer. On April 8, 2010, Hades filed the Motion to Dismiss, pursuant to which the Court dismissed without prejudice Count I of the Complaint on July 14, 2010 because the Complaint contained no facts from which the Court could have inferred that the Transfer had been made on account of an antecedent debt.

The parties commenced written discovery shortly thereafter. On September 15, 2010, the Plaintiffs received the Defendant's discovery responses, which contained additional information about the prepetition retention of Hades by the Debtors. By the Motion, the Plaintiffs seek leave to file the Amended Complaint incorporating such additional information relevant to Count I of

---

[2] For further discussion concerning the events that precipitated the Debtors' bankruptcy case, see Charys Liquidating Trust, 2010 WL 2788152, at *1-2.

the Complaint. The Defendant has objected (the "Objection") [Adv. Docket No. 44] to the Motion, citing futility, undue prejudice, and undue delay as grounds for the denial of leave to amend. This matter has been fully briefed and is ripe for decision.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this matter constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (F), and (H).

## III. DISCUSSION

Federal Rule of Civil Procedure 15(a), made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7015, provides that "[t]he court should freely give leave when justice so requires." Accordingly, the Court has substantial discretion to grant or deny a motion for leave to amend. The United States Supreme Court and the Court of Appeals for the Third Circuit have held that leave to amend should be freely given absent a showing by the non-moving party of one of the following grounds: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962) ("The policy of the [F]ederal [R]ules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."); Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."); see also Tracinda Corp. v. Daimler Chrysler AG (In re Daimler Chrysler Sec. Litig.), 200 F. Supp. 2d

439, 443 (D. Del. 2002); In re Global Link Telecom Corp., 327 B.R. 711, 718 (Bankr. D. Del. 2005); Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.), 288 B.R. 189, 193 (Bankr. D. Del. 2003).

As noted above, the Defendant argues for denial of leave to file the Amended Complaint on the grounds of futility, undue prejudice, and undue delay. The Court finds that none of these grounds provides a sufficient basis for denying the Motion.

**A.     Futility**

The Defendant argues that the request for leave to file the Amended Complaint is futile because even with the proffered amendment, the Defendant contends that the Plaintiffs would still fail to meet the requisite pleading standard with respect to Count I, as required under Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court disagrees.

It is well established in the Third Circuit that the Court may refuse to grant leave to amend a complaint where the amendment would be futile. See, e.g., In re Alpharma Inc. Sec. Litig., 372 F.3d 137, 153 (3d Cir. 2004) (citations omitted). An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington, 114 F.3d at 1434 (citing Glassman v. Computervision Corp., 90 F.3d 617 (1st Cir. 1996)). Consequently, the Third Circuit and the Bankruptcy Court in this District have held that "a trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983); PCT v. Authentic Specialty Foods, Inc. (In re Fleming Companies., Inc.), 347 B.R. 163, 167-68 (Bankr. D. Del. 2006) (citing Rouge Steel Co. v. OmniSource Corp. (In re Rouge Indus., Inc.), No. 03-13272, Adv. No. A 05-52242, 2006 WL 148946, at *2 (Bankr. D. Del. Jan. 19, 2006)).

The Court is satisfied that in conjunction with the additional facts pleaded in the Amended Complaint, Count I would survive a motion to dismiss, and that the amendment is therefore not futile. The Court previously dismissed Count I without prejudice because the Complaint did not contain any facts supporting the Plaintiffs' contention that the Transfer had been made on account on an antecedent debt. Charys Liquidating Trust, 2010 WL 2788152, at *5.

The Plaintiffs now rely upon several new facts articulated in the Amended Complaint that have emerged in the course of written discovery since the Complaint was initially filed. The Trusts have included facts based upon the declarations of Vik Grover and Pat Doyle, dated September 15, 2010 and September 9, 2010, respectively. Amended Complaint, ¶¶ 16-19. In the Amended Complaint, the Trusts allege that Hades "purported to begin providing services [to Charys] in December 2007," based upon the new information in these declarations. Amended Complaint, ¶ 19. The Trusts further allege that "Hades engaged the services of Source Capital Group, Inc. ('Source Capital') and Sherwood Strategic Consulting, LLC ('Sherwood')," and that Source Capital and Sherwood provided "services related to Charys's engagement of Hades" prior to the date on which the Transfer occurred. Amended Complaint, ¶¶ 16-18. As a result, the Trusts assert that "all or part of the 'retainer' was in fact payment for services rendered by Hades in December 2007 and January 2008." Amended Complaint, ¶ 25.

The Defendant argues that the inclusion of these additional facts in the Amended Complaint would still subject Count I to dismissal because such facts do not support the Plaintiffs' allegation that Hades was owed an antecedent debt when the Transfer was made. In support of its argument, the Defendant contends that "[t]he fact that Hades provided services to Charys does not mean that Hades was a creditor of Charys at the time it received the Retainer."

Objection, ¶ 21. Hades maintains that prior to its receipt of the Transfer, it provided services to Charys "on a no fee basis." Id.

Given these contradictory factual accounts, the Court cannot conclude with certainty whether Charys incurred a debt to Hades prior to making the Transfer, unless the facts of this dispute are further developed. However, the Court must nonetheless accept all well-pleaded allegations in the Amended Complaint as true and view them in the light most favorable to the Plaintiffs. In re Burlington, 114 F.3d at 1420 (citing Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986)). Accepting as true the Plaintiffs' allegations in the Amended Complaint concerning the allegedly billable services that Hades provided to Charys prior to the date of the Transfer, the Court could conclude that the Transfer was made on account of an antecedent debt owed to Hades. Therefore, Count I in the Amended Complaint would survive a motion to dismiss and the proffered amendment would not be futile.

**B.**     **Undue Prejudice**

The Defendant also argues that it will suffer undue prejudice if the Plaintiffs are granted leave to amend the Complaint. The Third Circuit has consistently upheld the notion that "prejudice to the non-moving party is the touchstone for the denial of the amendment." Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990) (internal quotation marks omitted) (quoting Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)). To establish prejudice, "the non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" Bechtel, 886 F.2d at 652 (quoting Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981)).

The Court finds that the Defendant has not established prejudice sufficient to defeat the Plaintiffs' motion for leave to amend the Complaint. The Defendant's claim of prejudice is based solely upon the assertion that it will be unable to complete the additional discovery pertaining to Count I by the discovery deadline established in the Scheduling Order [Adv. Docket No. 14] entered by the Court on May 20, 2010. However, the potential for such prejudice can be easily avoided by extending the written discovery period, a preemptive remedy suggested by the Plaintiffs in their reply to the Objection [Adv. Docket No. 45]. Extension of the written discovery deadline would afford the Defendant the opportunity to propound whatever additional discovery it may require to adequately litigate Count I. The mere fact that the Defendant may in fact need to take such supplemental discovery is insufficient to demonstrate undue prejudice. Dole, 921 F.2d at 488 ("[T]he need for additional discovery does not conclusively establish prejudice.") (citing Butcher & Singer v. Kellam, 105 F.R.D. 450, 452-453 (D. Del. 1984)). The Court therefore finds that the Defendant will not suffer undue prejudice if the Plaintiffs are permitted to file the Amended Complaint.

**C.     Undue Delay**

Finally, the Defendant argues that the Plaintiffs should be denied leave to amend the Complaint on the grounds of undue delay. In the Third Circuit, "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984); see also Vision Metals, Inc. v. SMS Demag, Inc. (In re Vision Metals, Inc.), 311 B.R. 692, 701 (Bankr. D. Del. 2004) ("Delay, by itself, is not a sufficient reason for a court to deny a motion to amend a complaint.") (internal quotation marks omitted) (quoting

Provident Life & Accident Ins. Co. v. Gen. Syndicators of Am., Inc. (In re Laramie Associates, Ltd.), No. 95-19102DAS, Adv. No. 96-1080DAS, 1997 WL 67848 (Bankr. E.D. Pa. Feb. 12, 1997)). The Third Circuit has further explained that "[t]he question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants." Id.

The Defendant contends that because the Trusts were created through the operation of the Plan, which became effective on March 12, 2009, the Trusts therefore "had more than one and half years to investigate their potential claims against Hades." Objection, ¶ 23. However, the date on which the Trusts were created is not relevant to the discussion of undue delay with respect to amending the Complaint. Moreover, the Amended Complaint includes no new claims against the Defendant, but rather includes only newly discovered facts to substantiate one of their original claims.

Furthermore, the Court did not dismiss Count I of the Complaint until July 14, 2010, and the discovery responses containing the new information in support of Count I were not received by the Plaintiffs until September 16, 2010. On October 15, 2010, within 30 days of acquiring the newly pleaded facts, the Plaintiffs moved for leave to amend the Complaint. Based upon this series of events, the Court does not find that the Plaintiffs' delay was undue or traceable to any intentional or negligent conduct. Additionally, the Plaintiffs filed the Motion within eight months of commencing the instant adversary proceeding, which is well within the time frames in which the courts in this District have previously granted leave to amend. Burlington Motor Carriers Inc. v. APL Ltd. (In re Burlington Motor Carriers Inc.), No. CIV A. 99-157 MMS, 1999 WL 1427683, at *9 (D. Del. Dec. 30, 1999) (holding that a delay of ten months after the

complaint was filed did not constitute undue delay); Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co., 668 F.Supp. 906, 922 (D. Del 1987) (holding that a delay of six and one-half years after the complaint was filed did not constitute undue delay); PCT, 347 B.R. at 167 (holding that a delay of eight months after the filing of the complaint did not constitute undue delay).

    Finally, the Defendant has not shown that the Plaintiffs were motivated by bad faith.  In fact, the Plaintiffs have suggested an extension of the written discovery period to accommodate the Defendant's need, if any, to conduct further discovery, which belies any allegations of bad faith.  Therefore, the Court finds that the Plaintiffs' delay in seeking leave to file the Amended Complaint is not undue.

## V. **CONCLUSION**

    For the foregoing reasons, the Court will grant the Motion.  An appropriate Order follows.

BY THE COURT:

Dated:    Wilmington, Delaware
           January 20, 2011

Brendan Linehan Shannon
United States Bankruptcy Judge